UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| MATTHEW C. KURTENBACH, AS PARENT AND NEXT OF FRIEND TO: M.C.K. (minor child); T.T.K. (minor child); C.J.K. (minor child), | ) ) ) ) ) ) | CIV. 13-5024-JLV |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | ORDER REMANDING CASE |
| TIM GROSS; BRIAN ROBB; KIM MALSOM-RYSDON; LAURIE PAULI-TARRELL; JOLYNN BOSTROM; KERRY O'DEA; KEN CHLEBORAD; and KEVIN KRULL, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**INTRODUCTION**

By an amended complaint dated February 28, 2013, plaintiff Matthew C. Kurtenbach brought an action in Circuit Court, Fourth Judicial Circuit, Meade County, in the state of South Dakota against the above-named defendants.  (Docket 1-2).  The amended complaint asserted state law claims and a claim pursuant to 42 U.S.C. § 1983.  Id.  On March 27, 2013, defendants Ken Chleborad and Kevin Krull filed a notice of removal to federal district court pursuant to 28 U.S.C. §§ 1441(a) & (b) and 1367(a).  (Docket 1).  The notice of removal was filed less than 30 days following

service of plaintiffs' pleadings upon these two defendants. Id. at p. 1. Plaintiff Matthew Kurtenbach filed an objection to the notice of removal. (Docket 9).

Defendants Gross, Robb, Malsam-Rysdon,[1] Pauli-Tarrell, Bostrom and O'Dea filed a motion to dismiss on April 2, 2013. (Docket 7) (jointly referred to as the "SDDOC defendants and SDDSS defendants"). Mr. Kurtenbach filed a motion for appointment of counsel, motion to stay all further proceedings pending resolution of the removal issue, and a motion for the court to take judicial notice. (Dockets 11, 12 and 14). Defendants Chleborad and Krull also filed a renewed motion to dismiss and objection to Mr. Kurtenbach's interrogatories and requests for production. (Docket 15). Because the court concludes the issue of removal is determinative of the court's lack of jurisdiction, it must be addressed first.

**NOTICE OF REMOVAL**

"Removal is authorized by 28 U.S.C. § 1441 and governed by [28 U.S.C.] § 1446.[2] Where there are multiple defendants, all must join in a

---

[1] Plaintiffs' complaint (Docket 1-1) caption identifies this defendant as "Malsom-Rysdon," the notice of removal (Docket 1) identifies her as "Malsom-Rysdon," while the SDDOC defendants' and SDDSS defendants' motion (Docket 7) identifies her as "Malsam-Rysdon." (Docket 7).

[2] "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. . . . Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in [(b)(1)] to file the notice of removal." 28 U.S.C. § 1446(b)(2)(A) and (B).

[notice] to remove within thirty days of service." Christiansen v. West Branch Community School District, 674 F.3d 927, 932 (8th Cir. 2012) (internal quotation marks and citation omitted). "[T]he unanimity requirement serves important interests—it prevents duplicative litigation and bars one defendant from imposing his forum of choice on co-defendants." Id. at 933. "[T]he the failure of one defendant to consent renders the removal defective . . . ." Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir. 2008).

In the United States Court of Appeals for the Eighth Circuit, "it is not necessary for all defendants to actually sign the notice of removal so long as there is some timely filed written indication from each served defendant . . . that the defendant has actually consented to the removal." Christiansen, 674 F.3d at 932 (internal quotation marks and citation omitted). In Christiansen, the court concluded a defendant's motion to dismiss and accompanying brief expressing an indication "that removal was appropriate . . . constituted some timely filed written indication of the [defendant's] consent to removal." Id. at 933 (internal quotation marks and citation omitted). "We express no opinion regarding whether the unanimity requirement may be satisfied by the mere filing of [a] motion to dismiss (silent on removal) within thirty days of service, or the filing of a curative consent to removal after the thirty-day period. We also emphasize that

non-removing defendants who wish to evince consent to removal should either sign the notice of removal or file a timely and unequivocal consent to such course of conduct." Id.

On April 2, 2013, the SDDOC defendants and SDDSS defendants filed a motion to dismiss. (Docket 7). Their motion and brief joined in the brief of defendants Chleborad and Krull. (Dockets 7 at p. 2; 8 at p. 2). Neither the motion nor the brief of defendants Chleborad and Krull spoke to the matter of removal. See Dockets 4 and 5. The SDDOC defendants' and SDDSS defendants' motion to dismiss (Docket 7) and brief (Docket 8) do not reference either the notice of removal, § 1441, or § 1446 and no written notice of those defendants' consent to the removal was ever filed.

The court concludes the requirements of § 1446(b)(2)(A) and (B) have not been satisfied and remand to the state court is mandatory. Pritchett, 512 F.3d at 1062.

## ORDER

Based on the above analysis, it is hereby

ORDERED that the notice of removal (Docket 1) is defective as the requirements of 28 U.S.C. § 1446(b)(2)(A) and (B) have not been satisfied and remand to the state court is mandatory.

IT IS FURTHER ORDERED that the case is remanded to the Circuit Court, Fourth Judicial Circuit, Meade County, South Dakota.

IT IS FURTHER ORDERED that defendants' motions to dismiss (Dockets 4 and 7) are moot.

IT IS FURTHER ORDERED that plaintiffs' motion to appoint counsel (Docket 11), motion to stay (Docket 12), and motion to have the court take judicial notice (Docket 14) are moot.

IT IS FURTHER ORDERED that defendants' motion to dismiss and objection to plaintiffs' interrogatories and requests for production (Docket 15) are moot.

IT IS FURTHER ORDERED that the Clerk of Court shall provide a copy of this order to the Clerk of the Circuit Court, Fourth Judicial Circuit, Meade County, South Dakota.

Dated February 27, 2014.

BY THE COURT:
/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE